# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rosa Lee Pringle, *aka* Rosa Lee Washington ) | |
| ) | |
| Plaintiff, ) | C/A No.: 2:06-3222-CWH |
| ) | |
| vs. ) | |
| ) | |
| Daniel E. Martin, Jr.; Osprey Apartment; SC Dept. ) | **ORDER** |
| of Mental Health; Alpha Kappa Alpha Sorority, Inc.; ) | |
| Dr. Benjamin Weinstein; Wal-Mart, inc.; Roper ) | |
| Radiologist, PA; Piggly Wiggly; K Mart; Hess; Alpha ) | |
| Kappa Alpha Sorority Gamma Xi Omega Chapter; ) | |
| Bell South; SCE&G; Red Lobster; Life Insurance ) | |
| Company of Alabama; Franklin C. Fetter Clinic; ) | |
| Ernie's Restaurant; Tommy Middleton; Housing ) | |
| Authority of the City of Charleston SC; Sprint PCS; ) | |
| Liberty Life Insurance Company; US Postal Service; ) | |
| Family Dollar; Food Lion, Inc.; Fajolies; MUSC; ) | |
| Amoco; Big Lots; Charleston Arms Apartment; Old ) | |
| Navy; Enterprise Rent A Car Company; Bank of ) | |
| America; Baskin Robbins 31 Flavors; Church's Fried ) | |
| Chicken, Inc.; CVS Pharmacy; Dr. Neil W. Draisin; ) | |
| JC Penny; Dr. Micheal Lampkin; Doscher's Food ) | |
| Store; West Ashley OBGYN; Southeast Cardiology; ) | |
| CARTA; Kerr Drug, Inc.; University Medical ) | |
| Associates; Woods Medical Center; Citadel Mall ) | |
| Food Court; Dillards, Inc.; Sears, Inc.; Kappa Alpha ) | |
| Sorority, Inc.; Thad J. Doughty; Helen A. Rivers; ) | |
| Delores S. Jenkins, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On November 14, 2006, the plaintiff filed the complaint and a motion to proceed in forma pauperis. The plaintiff used the Pro Se [Non-Prisoner] Complaint Form (the "form") to state her complaint. Paragraph three of the form directs the plaintiff to state the facts of the case

Page 1 of 3

and to describe how each defendant is involved. In this case, the plaintiff simply wrote the word "Assignment" for her statement of the claim. The plaintiff has not included any explanation as to why she is suing the fifty-two name defendants for "Assignment." Furthermore, the complaint in this case does not contain a jurisdictional statement. The case was assigned to Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(b) and (e). On December 5, 2006, Magistrate Judge Carr issued a report analyzing the issues and recommending that the case be dismissed without prejudice and without issuance of service of process because the Court lacks subject matter jurisdiction over the case. Furthermore, Magistrate Judge Carr recommends that the plaintiff's application to proceed in forma pauperis be denied and that she be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

Pursuant to 28 U.S.C. § 636(b)(1), the Court is charged with making a *de novo* determination of any portions of the magistrate judge's report and recommendation to which a specific objection is made. Keeler v. Pea, 782 F.Supp. 42, 43 (D.S.C. 1992). On December 13, 2006, the plaintiff filed objections to the report and recommendation in a timely manner in accordance with 28 U.S.C. § 636(b)(1). The plaintiff objects to Magistrate Judge Carr's findings that her complaint does not contain a jurisdictional statement and that the one word "Assignment" as her statement of the claim does not support a federal basis of jurisdiction. The plaintiff also objects to Magistrate Judge Carr's finding that the complaint should be dismissed as frivolous.

Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends." The record shows that

the plaintiff has failed to allege any facts that would support jurisdiction. If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Because the plaintiff has failed to allege any facts, there can be no jurisdiction based on the facts.

It appears that in her objection, the plaintiff attempts to assert a claim under 42 U.S.C. § 407(a) of the Social Security Act, yet this code section states, "[t]he right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." As discussed above, the complaint in this case does not contain a jurisdictional statement, and the one word "Assignment" as her statement of the claim does not support a federal basis of jurisdiction. Furthermore, this Court does not consider whether the plaintiff's complaint is frivolous because it lacks jurisdiction to do so.

This action is dismissed for lack of jurisdiction, and the plaintiff's motion to proceed in forma pauperis is hereby rendered moot.

**AND IT IS SO ORDERED**.

*C. Weston Houck*

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 12, 2007
Charleston, South Carolina